IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MINA EZIKPE, Esq., EBONI EXCEUS, XAVIER TORRES de JANON, Esq., DR. JULIANNE LIEBENGUTH, and WILLIAM STANLEY,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL PIEDMONT COMMUNITY COLLEGE, CENTRAL PIEDMONT COMMUNITY COLLEGE BOARD OF TRUSTEES, JIM DUNN, in his official capacity as Chair of the Central Piedmont Community College Board of Trustees, CALDWELL ROSE, in his official capacity as Vice Chair of the Central Piedmont Community College Board of Trustees, WESTON ANDRESS, in his official capacity as a member of the Central Piedmont Community College Board of Trustees, CARRIE BAKER, in her official capacity as a member of the Central Piedmont Community College Board of Trustees, GABRIEL J. ESPARZA, in his official capacity as a member of the Central Piedmont Community College Board of Trustees, LUCIA ZAPATA GRIFFITH, in her official capacity as a member of the Central Piedmont Community College Board of Trustees, MICHAEL S. HAWLEY, in his official capacity as a member of the Central Piedmont Community College Board of Trustees, ARRINGTON MIXON, in her official capacity as a member of the Central Piedmont Community College Board of Trustees, CHRIS PATERSON, in his official capacity as a member of the Central Piedmont Community College Board of Trustees, KHALIF J. RHODES, in his | CASE NO. 3:25-cv-00318<br><br>**NOTICE OF REMOVAL**<br><br>*Removed from*<br>*Mecklenburg County Superior Court*<br>*(Case No. 25-CV-020545-590)* |

official capacity as a member of the Central Piedmont Community College Board of Trustees, BERTRAM SCOTT, in his official capacity as a member of the Central Piedmont Community College Board of Trustees, ALISON SUMMERVILLE, in her official capacity as a member of the Central Piedmont Community College Board of Trustees, Dr. KANDI DEITEMEYER, in her official capacity as President of Central Piedmont Community College, OFFICER DOE 1, OFFICER DOE 2 and OFFICER DOE 3 of CPCC Campus Security, in their official capacities,

    Defendants.

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, all Defendants properly joined and served in this action: Central Piedmont Community College ("CPCC"); Central Piedmont Community College Board of Trustees (the "Board"); Trustee Jim Dunn, sued in his official capacity as Chair of the Board; Trustee Caldwell Rose, sued in his official capacity as Vice Chair of the Board; Trustee Weston Andress, sued in his official capacity as a member of the Board; Trustee Carrie Baker, sued in her official capacity as a member of the Board; Trustee Gabriel J. Esparaza, sued in his official capacity as a member of the Board; Trustee Lucia Zapata Griffith, sued in her official capacity as a member of the Board; Trustee Michael S. Hawley, sued in his official capacity as a member of the Board; Trustee Arrington Mixon, sued in her official capacity as a member of the Board; Trustee Chris Paterson, sued in his official capacity as a member of the Board; Trustee Khalif J. Rhodes, sued in his official capacity as a member of the Board; Trustee Bertram Scott, sued in his official capacity as a member of the Board; Trustee Alison Summerville, sued in her official capacity as a member of the Board; and Dr. Kandi Deitemeyer, sued in her official capacity as President of CPCC (collectively, the "CPCC Defendants")—hereby remove and join in the

2

removal of this action from the Superior Court of Mecklenburg County to the United States District Court for the Western District of North Carolina.[1] This Court has jurisdiction based on federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1446(a), the grounds for removal of this action are as follows:

## I. NATURE OF THE CASE

In the Complaint in this action, filed April 23, 2025, Plaintiffs purport to batch together claims for violations of North Carolina's Open Meetings Law, its Public Records Law, and 28 U.S.C. § 1983. But the true objective of the Complaint is to obstruct and delay progress on the Public Service Training Facility now being developed by CPCC at its Levine Campus in Matthews, North Carolina (referred to in Complaint Paragraph 18 as "THE LAND IN QUESTION"). The Plaintiffs have voiced their opposition to the Public Service Training Facility, as is their right under the First Amendment. Collectively, they have attended multiple meetings of CPCC's Board of Trustees and have requested, and received, hundreds of pages of public records from CPCC. The CPCC Defendants will timely respond to the Complaint's allegations under Rule 81(c)(2)(B), but state here that Plaintiffs' claims are meritless. The CPCC Defendants have diligently complied with the Open Meetings Law and Public Records Law and have allowed Plaintiffs to exercise their First Amendment rights while also ensuring that CPCC maintains a safe and welcoming learning environment for its 30,000+ students and meets a crucial community need for enhanced multi-agency public safety training.

---

[1] Defendants sued under fictitious names, Officer Doe 1, Officer Doe 2, and Officer Doe 3, have not yet been identified or served by Plaintiffs.

## II. COMMENCEMENT OF THE ACTION

On April 23, 2025, Plaintiffs filed a Complaint in the Mecklenburg County Superior Court, Case No. 25CV020545-590 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are attached collectively as **Exhibit A**.

The CPCC Defendants accepted service of the Summonses for the CPCC Defendants and Complaint effective April 30, 2025, through an acceptance of service executed by their counsel. The Complaint also names as defendants Officers Doe 1-3 in their official capacities as campus security officers at CPCC. The Officer Doe defendants have not been served.

The Complaint asserts four causes of action against all CPCC Defendants: Count I – Violation of the North Carolina Open Meetings Law; Count II – Violation of the Public Records Law; Count III – Writ of Mandamus; Count IV – 42 U.S.C § 1983 Claim for Violating the First Amendment as to Plaintiffs Ezikpe and Exceus only. *See generally* Compl. The Complaint also includes an embedded Motion for Preliminary Injunction. *See* Compl. ¶¶ 167–72.

By filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all defenses, exceptions, rights, and sovereign and qualified immunities. No statement herein or omission shall be deemed to constitute an admission by the CPCC Defendants as to any of the allegations in the Complaint.

As set forth below, this case is properly removed to this Court based on federal question jurisdiction.

## III. STATEMENT OF STATUTORY BASES FOR JURISDICTION

This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

Specifically, this Court has original jurisdiction over this action because Plaintiffs have brought a putative First Amendment claim against the CPCC Defendants under 42 U.S.C § 1983.

Further, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." All claims alleged in the Complaint relate to Board meetings, public records of Board meetings, and Plaintiffs' actions on CPCC's campus after attending a Board meeting. Plaintiffs themselves tie all three of their claims together: They allege in Complaint Paragraph 1 that "when community members attended CPCC Board's public meetings, requested documents, and asked questions, CPCC took retaliatory actions against Plaintiffs." Defendants deny and do not concede Plaintiffs' claim of retaliation.

### IV. PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate because the State Court Action is currently pending in Mecklenburg County Superior Court, which is located within the geographical boundaries of the United States District Court for the Western District of North Carolina.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached as **Exhibit A**.

This Notice of Removal is timely filed with this Court within 30 days after the CPCC Defendants were served with the Summonses and Complaint as required by 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(b)(2)(a), all defendants who have been properly joined and served join in or consent to the removal of the action. Fictitious-name Defendants Officer Doe 1, Officer Doe 2, and Officer Doe 3 have not been served. All other Defendants are represented by the same counsel and have joined in and consent to this removal.

Pursuant to 28 U.S.C. § 1446(d), the CPCC Defendants have promptly given written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs, and the CPCC Defendants are filing a Notice of Removal with the Mecklenburg County Superior Court. A copy of CPCC Defendants' Notice to State Court of Removal to Federal Court without exhibits is attached as **Exhibit B**.

This case is not precluded from being removed under 28 U.S.C. § 1445.

V. **CONCLUSION**

WHEREFORE, the CPCC Defendants request the above-captioned action now pending in Mecklenburg County Superior Court proceed in the United States District Court for the Western District of North Carolina, Charlotte Division, as a case duly removed thereto, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice. Defendants anticipate that under Local Rule 7.1, the preliminary injunction motion embedded in the Complaint will be briefed on the schedule set out in Local Rule 7.1(e).

This the 9th day of May, 2025.

**MCGUIREWOODS LLP**

/s/ Bradley R. Kutrow
Bradley R. Kutrow
N.C. State Bar No. 13851
Anna Jamieson Beck
N.C. State Bar No. 60755
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
bkutrow@mcguirewoods.com
ajbeck@mcguirewoods.com

John Stephen Tagert
N.C. State Bar No. 57542
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1407
Facsimile: (804) 775-1061
stagert@mcguirewoods.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the other parties to this action by email and first class mail addressed as follows:

> Janki Kaneria
> James Huey
> Southern Coalition For Social Justice
> P.O. Box 51280
> Durham, NC 27717
> janki@scsj.org
> james@scsj.org
>
> *Counsel for Plaintiffs*

This the 9th day of May, 2025.

/s/ Bradley R. Kutrow
Bradley R. Kutrow